UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-18335 |
| Harvey Cement Products Incorporated, ) | |
| ) | Hon. Jacqueline Cox |
| Debtor/Debtor-in-Possession. ) | |
| ) | Subchapter V Chapter 11 |

## NOTICE OF EMERGENCY MOTION

TO:   ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 12th day of December 2024 at 10:30 a.m, I will appear before the Honorable Jacqueline P. Cox,, Bankruptcy Judge, or any judge sitting in that judge's place, either in Courtroom No. 680, 219 South Dearborn, Chicago, Illinois 60604, or electronically as described below, and present the Emergency Motion of Harvey Cement Products Incorporated for **Authority to Use Cash Collateral and for Related Relief**, a copy of which is attached.

**IMPORTANT:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet:** go to this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.
**To appear by telephone,** call Zoom for Government at **1-669-254-5252 Or 1-646-828-7666**. Then enter the meeting ID and password. Meeting ID and passcode.

**The meeting ID for this hearing** is **Meeting ID: 161 273 2896** and the passcode is  **778135**. Additional information can be found on Judge Cox's webpage on the court's website: www.ilnb.uscourts.gov/content/chief-judge-jacqueline-p-cox.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: /s/ Scott R. Clar
Crane, Simon, Clar & Goodman
135 S. LaSalle St., # 3950
Chicago, Illinois 60603
(312) 641-6777
sclar@cranesimon.com

## **CERTIFICATE OF SERVICE**

      The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Amended Notice and attached Motion to be served on all parties listed on the attached Service List via the Court's Electronic Registration/U.S. Mail/email (as indicated) on the 10th day of December 2024.

                                                      /s/Scott R. Clar

# **SERVICE LIST**

**Court's Electronic Registration**:

- **Adam G. Brief**    Ustpregion11.es.ecf@usdoj.gov

**VIA EMAIL**

Davd DeCelles
David.DeCelles@usdoj.gov

Bishop Trucking Co. Inc.
1221 W. Steger Rd.
Frankfort, IL 60423
Bishoptrucking520@gmail.com

ComEd
PO Box 6111
Carol Stream, IL 60197-6111
Comedmarketplace@comed.com

Dennis M. Nolan
221 Railroad Ave.
Bartlett, IL 60103
Lawdnolan@sbcglobal.net

Erie Insurance
100 Erie Insurance Place
Erie, PA 16530-1105
eriefeedback@yourvoice.erieinsurance.com

Holly's Universal Pallets
PO Box 09072
Chicago, IL 60609
JoelS@evangersdogfood.com

Homewood Disposal
1501 W. 175th
Homewood, IL 60430
rshropshire@mydisposal.com

Laciak
5611 Washington St FL2
Valparaiso, IN 46383
MGonzalez@laciak.com

Manely Brothers
PO Box 80
300 S. Vermillion
Troy Grove, IL 61372-0080
sjereb@manleybros.com

Oz Transport
10341 S. Kenton Ave.
Oak Lawn, IL 60453
oztransportcorp@gmail.com

Pinkerton Fuels & Lubricants
PO Box 947
Chesterton, IN 46304-0947
pinkertonoil@lukebrands.com

Premier Occupational Medicine
19801 Governors Hwy, #160
Flossmoor, IL 60422
randallmanns@premieroccupationalmedicine.com

R&L Carriers
PO Box 10020
Port William, OH 45164-2000
mshroyer@rlcarriers.com

Rabideau Grain & Lumber
PO Box 129
Clifton, IL 60927
Hanleyg58@gmail.com

Stony Tire Inc.
19870 Stony Island Ave.
Chicago Heights, IL 60411
stonytire@gmail.com

Uline
PO Box 88741
Chicago, IL 60680-1741
customerservice@uline.com

Small Business Association
 409 Third St SW
Washington, D.C., U.S
sba-oda@updates.sba.gov
SBA Illinois District llinois.DO@sba.gov
answerdesk@sba.gov

Cook County Treasurer
 PO Box 805436
Chicago IL 60680-4155
Assessor.onlineappeals@cookcountyil.gov

-4-

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-18335 |
| Harvey Cement Products Incorporated, ) | |
| ) | Hon. Jacqueline Cox |
| Debtor/Debtor-in-Possession. ) | |
| ) | Subchapter V Chapter 11 |

**EMERGENCY MOTION FOR AUTHORITY TO USE
CASH COLLATERAL AND FOR RELATED RELIEF**

Harvey Cement Products Incorporated, an Illinois corporation, debtor/debtor-in-possession ("Debtor") herein, by and through its attorneys, makes its Emergency Motion pursuant to Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules, Rule 9011 of the Federal Rules of Bankruptcy Procedure and Rule 9013-2 of the Local Rules of this Court For Authority to Use Cash Collateral and For Related Relief ("Motion"); and in support thereof, states as follows:

**Introduction**

1. On December 9, 2024, the Debtor filed its voluntary petition for relief under Subchapter V Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor is operating its business and managing its financial affairs as debtor-in-possession. Neema Varghese has been appointed the subchapter V trustee. No trustee or committee of unsecured creditors has been appointed to serve in this Chapter 11 case.

3. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against

the Debtor and its property by the Small Business Administration ("SBA"). In this case, the SBA's cash collateral consists of cash, accounts receivable and inventory.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, Rule 4001-2 of the Local Rules of this Court and Rule 9011 of the Federal Rules of Bankruptcy Procedure and 9013-2 of the Local Rules of Bankruptcy Procedure

**Relevant Factual Background**

7. The Debtor is an Illinois corporation engaged in the manufacture of cast stone and is located at 16030 Park Avenue, Harvey, IL 60426. (the "Business Premises").

8. The Debtor has 14 (fourteen) employees.

9. Gordon Steck is the vice president of the Debtor.

10. The Debtor's Chapter 11 case was filed in order to avoid the sale of real estate taxes in connection with the Business Premises.

11. On the Petition Date, the Debtor's cash collateral was as follows:

    A. Cash on the date of filing  $20,000;

    B. Accounts receivable  $159,000

    C. Inventory  $63,500[1]

---

[1] Material labor value.

**Secured Creditor**

12. Upon information and belief, the Debtor's only secured creditor with an interest in cash collateral is the SBA, having a claim of approximately $504,504.00.

**Use of Cash Collateral**

13. In order for the Debtor to continue to operate its business and manage its financial affairs, and effectuate an effective plan, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A) Purchase of Inventory;

B) Labor;

C) Insurance;

D) Shipping;

E) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's 13 week monthly cash flow projections (the "Budget"). The Budget itemizes the Debtor's cash needs during the relevant period.

14. Use of cash collateral to pay the actual, necessary and ordinary expenses to operate the Debtor's business, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

15. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the SBA asserts an interest. The Debtor's proposal will permit the

Debtor to sustain its business operations and will adequately protect the purported secured interests of the SBA.

16. Unless the Debtor is authorized to use cash collateral in which the SBA asserts an interest, the Debtor will be unable to continue to operate its business, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

17. The Debtor proposes to use cash collateral and provide adequate protection to the SBA upon the following terms and conditions:[2]

A. The Debtor will permit the SBA to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

B. The Debtor shall maintain and pay premiums for insurance to cover the collateral from fire, theft and water damage, as well as worker's compensation and the company van;

C. The Debtor shall, upon reasonable request, make available to the SBA evidence of that which purportedly constitutes their collateral or proceeds;

D. The Debtor will properly maintain the collateral in good repair; and

E. The SBA is granted a replacement post-petition lien attaching to the collateral, but only to the extent of its pre-petition liens.

18. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to

---

[2] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of the Bankruptcy Court for the Northern District of Illinois are necessary.

this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the SBA or upon further Order of this Court.

**Notice**

19. Debtor has given notice of this Motion to its 20 largest unsecured creditors, the SBA and the United States Trustee, and the Debtor requests that this Court determine that notice given is sufficient under the circumstances.

**Conclusion**

19. The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

20. The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby, resulting in immediate and irreparable harm and loss to the estate.

21. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, HARVEY CEMENT PRODUCTS INCORPORATED, debtor/debtor-in-possession herein, prays for the entry of an Order as follows:

A. Authorizing the Debtor to use cash collateral in which the Small Business Administration asserts a lien, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B.     Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

C.     Setting a final hearing on this Motion;

D.     For determination that notice given is deemed sufficient; and

E.     Granting such other relief as this Court deems just and appropriate

                                       Respectfully submitted,
                                       HARVEY CEMENT PRODUCTS INC.

                                       By: /s/Scott R. Clar
                                       One of its attorneys

**DEBTOR'S COUNSEL**:
Scott R. Clar     (Atty. No. 06183741)
Crane, Simon, Clar & Goodman
135 South LaSalle Street, Suite 3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com

-10-